UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES C. SANDERSON,

    Plaintiff,

v.                                               CASE NO.: 8:09-cv-1755-T-23AEP

ZURICH AMERICAN INSURANCE
COMPANY, MARYLAND CASUALTY
COMPANY, and ASSURANCE
COMPANY OF AMERICA,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) the defendants for damages resulting from the defendants' failure to perform the defendants' obligations under an insurance contract. The defendants move (Doc. 11) to dismiss.

### Standard of Review

In reviewing a motion to dismiss, the facts alleged in the complaint are assumed true and construed favorably to the plaintiff. Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph's Hospital, Inc. v. Hospital Corp. of Am., 795 F.2d 948 (11th Cir. 1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). Neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" provides support for the sufficiency of a complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir.

1996).  However, "[t]he Federal Rules of Civil Procedure do no require a claimant to set out in detail the facts upon which he bases his claim."  Birmingham Fire Ins. Co. of Pa. v. Comcar Indus., 2008 WL 4065695, *1 (M.D. Fla. 2008).  "Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of . . . the claim . . . and the grounds upon which [the claim] rests."  2008 WL 4065695 at *1.

### The Complaint

The defendants insured the plaintiff under a policy that the defendants issued to the plaintiff.  (Doc. 1, ¶¶ 7-8)  On February 9, 2006, St. Luke's Cataract and Laser Institute, P.A. ("St. Luke's") sued the plaintiff.  The insurance policy covered each claim asserted by St. Luke's against the plaintiff.  (Doc. 1, ¶ 15)  Accordingly, pursuant to the policy, the plaintiff requested from the defendants a defense to, and indemnification for, each claim asserted by St. Luke's.  At the time of the plaintiff's request, the plaintiff was in compliance "with all the terms and requirements of the insurance contract."  (Doc. 1, ¶¶ 9-11)  The defendants provided a defense to the plaintiff.  During the litigation, the defendants "were presented with several settlement opportunities," but the defendants refused to settle.  (Doc. 1, ¶¶ 12-13)  Ultimately, the litigation resulted in a judgment against the plaintiff.

After the verdict in the first case ("St. Luke's I"), St. Luke's brought another action against the plaintiff ("St. Luke's II").  (Doc. 1, ¶ 16)  The plaintiff appealed the judgment in St. Luke's I and requested a defense to, and indemnification for, each claim asserted in St. Luke's II.

In this action, the plaintiff alleges breach of contract against the defendants. The plaintiff asserts that under the insurance contract the defendants and the defendants' agents possessed a duty to exercise "due care" in the investigation, handling, and evaluation of each claim. Additionally, the defendants had (1) "a duty to act in good faith and give due consideration to the interests" of the plaintiff in negotiating and settling each claim and (2) a duty "to settle, if possible, [if] a reasonably prudent person, facing the prospect of paying the total recovery would do so." (Doc. 1, ¶ 14) Notwithstanding the defendants' duty, the defendants wrongfully denied coverage to the plaintiff by (1) failing to provide a "mutually agreeable defense" as required by the policy, (2) failing to settle the claims by St. Luke's, (3) refusing to indemnify the plaintiff, (4) failing to post a "supersedeas bond" after the judgment in St. Luke's I, and (5) failing to satisfy the judgment against the plaintiff in St. Luke's I.

## Discussion

In moving to dismiss, the defendants argue that the plaintiff asserts a "bad faith" claim even though the plaintiff labels the claim "breach of contract." The defendants argue that the plaintiff cannot assert a "bad faith" claim until the plaintiff establishes that each claim by St. Luke's is covered under the insurance policy. Furthermore, the defendants argue that the complaint fails to allege sufficient facts both as to the claims against the plaintiff and as to the insurance policy that purportedly covers each claim.

"An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) material breach; and (3) damages." Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008); Travelers Indem. Co. of Ill. v. Royal Oak Enter.,

- 3 -

Inc., 429 F. Supp. 2d 1265, 1273-74 (M.D. Fla. 2004) (Hodges, J.) (noting that a statute or a contract must impose a duty to defend on an insurer). "If the insurer acts negligently in carrying out its duty to defend, its conduct constitutes a breach of contract, entitling the insured to recover all damages naturally flowing from the breach." 429 F. Supp. 2d at 1273 (citing Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n, 483 So. 2d 513, 516 (Fla. 3d DCA 1986)). In a breach of contract action, an insured may sue also for a breach of the insurer's duty to indemnify the insured.[1]

Additionally, Section 624.155, Florida Statutes, provides for a cause of action—distinct from a breach of contract claim—for the insurer's bad faith refusal to settle a claim against the insured.[2] See also Fla. Stat. § 624.155(8) (stating that "[t]he civil remedy specified in this section does not preempt any other remedy or cause of

---

[1] An insurer's duty to defend is broader than the insurer's duty to indemnify. Aetna Ins. Co. v. Waco Scaffold & Shoring Co., Inc., 370 So. 2d 1149, 1151-52 (Fla. 4th DCA 1978). "'Florida law is clear that an insurer's duty to defend an action against its insured by a third person is determined by the allegations of the complaint [against the insured].'" 370 So. 2d at 1151-52 (quoting Stevens v. Horne, 325 So. 2d 459, 461-62 (Fla. 4th DCA 1976)). If "'only portions of a complaint fall within the coverage of the insurance policy and other portions fall outside the policy, the insurer has a duty to defend the entire suit . . . .'" 370 So. 2d at 1151-52. The fact that an insurer possesses a duty to defend an action against the insured "does not necessarily mean that [the insurer] [is] obligated to pay an judgment recovered." 370 So. 2d at 1151; see also United States Fire Ins. Co. v. Hayden Bonded Storage Co., 930 So. 2d 686, 691 (Fla. 4th DCA 2006). Rather, the existence of a duty to indemnify is "determined by the underlying facts adduced at trial or developed through discovery during the litigation." 930 So. 2d at 691. Accordingly, "there must be a determination that coverage exists before a duty to indemnify arises." McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So. 2d 692, 695 (Fla. 4th DCA 2000).

[2] See Shannon R. Ginn Const. Co. v. Reliance Ins. Co., 51 F. Supp. 2d 1347, 1351 (S.D. Fla. 1999) (noting that a bad faith action brought by an insured against an insurer is authorized by Section 624.155, Florida Statutes) (citing Opperman v. Nationwide Mut. Fire Ins. Co., 515 So. 2d 263, 265-66 (Fla. 5th DCA 1987)). "'If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing the settle the claim.'" CNL Hotels & Resorts, Inc. v. Twin City Fire Ins. Co., 2006 WL 2947853, *1 (M.D. Fla. 2006) (quoting OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115 (Fla. 5th DCA 2005)). Accordingly, "it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved." 2006 WL 2947853 at *1.

action provided for pursuant to any other statute or pursuant to the common law of this state.").

In this instance, the plaintiff sues for breach of contract and not for a bad faith refusal to settle pursuant to Section 624.155, Florida Statutes. The complaint alleges that the insurance policy covers each claim for which the plaintiff was held liable in St. Luke's I. The complaint provides the number of the policy that allegedly covers each claim. An attachment to the complaint shows both the plaintiff as the named insured and the effective policy period. Based on the alleged coverage provided by the policy and the defendants' alleged failure to perform the defendants' duty under the policy, plaintiff sues for breach.[3] The plaintiff alleges damages as a result of the breach including "economic losses associated with impairment of [the plaintiff's] financial condition and the . . . judgment" against the plaintiff. Accordingly, the complaint sufficiently states a claim for breach of contract.

## Conclusion

Accordingly, the defendants' motion to dismiss (Doc. 11) is **DENIED.**

ORDERED in Tampa, Florida, on December 11, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff appears to allege both a breach of the duty to defend and a breach of the duty to indemnify.

- 5 -