**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES C. SANDERSON,**                           CASE NO.:  8:09-CV-1755-T-23AEP

        **Plaintiffs,**

vs.

**ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA,**

        **Defendants.**
_____/

**ST. LUKE'S CATARACT AND LASER INSTITUTE, P.A.**

        **Intervenor,**

vs.

**ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA,**

        **Defendants,**
_____/

## JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE

Pursuant to this Court's April 3, 2013 Order [Dkt. 78], counsel for Plaintiffs, James C. Sanderson ("Sanderson") and St. Luke's Cataract and Laser Institute, P.A. ("St. Luke's"), and Defendants, Zurich American Insurance Company, Maryland Casualty Company and Assurance Company of America ("Defendants"), met in person in Tampa on April 17, 2013. The Parties hereby submit this Joint Status Report, outlining the discovery, motions and other activity necessary for the parties to prepare for trial; stating the issues remaining for trial and

estimating the time required for trial. The Parties also jointly request a status conference. Defendants further request oral argument on Defendants' Objection Regarding Order on Motion to Compel and Request for Review of Magistrate's Order [Dkt. 40], filed prior to the entry of summary judgment in favor of Defendants.

I.   **PREPARATION FOR TRIAL**

   a.   **Plaintiffs' Anticipated Discovery**

   1. Plaintiffs intend to seek enforcement of Magistrate Porcelli's October 7, 2010 Order on Plaintiffs' Motion to Compel [Dkt. 36], including production of documents previously requested and depositions of the following individuals:
      a. Kara Lahey Egan;
      b. Robert Smeltzer;
      c. Corporate representatives of Defendants.

   Defendants filed an objection to and request for review of the Magistrate's October 7, 2010 Order, which has not yet been ruled upon.

   2. Deposition of Virginia Morris-Ardin.

   3. Following production of the documents and depositions identified above, Plaintiffs may request additional discovery, including interrogatories, requests for production, requests for admissions and depositions.

   4. Plaintiffs have not yet determined whether they may need an expert witness.

   b.   **Defendants' Anticipated Discovery**

   1. Initial interrogatories to be served on St. Luke's.

   2. Initial interrogatories to be served on Dr. Sanderson.

   3. Initial document requests to be served on St. Luke's.

   4. Initial document requests to be served on Dr. Sanderson.

     5.    Deposition of Dr. Sanderson.

     6.    Deposition of Bradley Houser.

     7.    Deposition of Lewis Friedland.

     8.    Deposition of Michael Rywant.

**c. Motions**

1. Plaintiffs' Joint Motion to Enforce Order on Motion to Compel [Dkt. 37];

2. Defendants' Objection Regarding Order on Motion to Compel and Request for Review of Magistrate's Order [Dkt. 40];

3. Motion to Lift Order Staying Discovery - to be filed, (Order is Dkt. 46);

4. Potential motions to compel written discovery and depositions;

5. Potential motions for protective orders regarding written discovery and depositions;

6. Potential discovery motions related to the application of the attorney-client privilege.

7. Potential dispositive motions regarding whether Defendants had a duty to provide mutually agreeable counsel, whether Defendants had a duty to post a supersedeas bond and whether Defendants had a duty to settle the underlying St. Luke's I and St. Luke's II litigation.[1]

## II. ISSUES REMAINING FOR TRIAL

a. The Parties agree that the following issues remain unresolved in this matter:

1. Which insurance policy or policies provide coverage for St. Luke's claims against Dr. Sanderson for copyright infringement and violation of the DMCA.

2. Whether there is coverage for attorneys' fees awarded to St. Luke's against Dr. Sanderson.

---

[1] Plaintiffs do not agree that dispositive motions are appropriate.

    3.    Whether Defendants had a duty to provide mutually agreeable counsel to Dr. Sanderson under Florida's Claims Administration Statute.

    4.    Whether Defendants had a duty to post or pay an appellate supersedeas bond on behalf of Dr. Sanderson.

    5.    Whether Defendants breached a duty to settle the underlying St. Luke's I and II litigation.

    6.    Whether Dr. Sanderson's rejection of Defendants' defense in 2009 was proper or otherwise permissible.

    7.    If Dr. Sanderson's rejection of Defendants' defense was proper or otherwise permissible, whether the underlying Consent Judgment, including the amount thereof, was reasonable and made in good faith (i.e., not made collusively or without any effort to minimize liability).

    8.    Whether the underlying Consent Judgment in favor of St. Luke's and against Dr. Sanderson is valid and enforceable.

    9.    If the Court determines that Defendants breached their insurance policies with Dr. Sanderson, the amount of damages suffered by Plaintiffs as a result of the breach.

    10.    Whether the Parties can rely on the trial transcript from the underlying litigation for the trial in this matter.[2]

b.    In addition to the issues identified above, Defendants believe the following issues remain to be resolved:[3]

    1.    Whether coverage is excluded for personal and advertising injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury" (the "Knowing Violation of Rights of Another" exclusion).

    2.    Whether coverage is excluded for personal and advertising injury "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." (The "Prior Publication" exclusion).

---

[2] The Parties expect to reach an agreement on this issue.
[3] Plaintiffs assert that these issues have already been resolved and/or have been waived.

### III. TIME REQUIRED FOR TRIAL

  a.  The Parties believe they can be ready for trial by February 2014.

  b.  The Parties believe that the jury trial in this matter can be completed in 5 days.

### IV. JOINT REQUEST FOR STATUS CONFERENCE

The Parties jointly request a status conference to discuss scheduling issues and to resolve issues on which they were not able to reach an agreement. Defendants further request oral argument on their Objection Regarding Order on Motion to Compel and Request for Review of Magistrate's Order [Dkt. 40].

*/s/ Lindsay Patrick Lopez*
JOHN D. GOLDSMITH
jgoldsmith@trenam.com
Florida Bar No.: 444278
LINDSAY PATRICK LOPEZ
llopez@trenam.com
Florida Bar No.: 0022839
Trenam, Kemker, Scharf,
Barkin, Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Phone: (813) 223-7474
Fax: (813) 229-6553
*Attorneys for St. Luke's Cataract and Laser Institute P.A.*

*/s/ Andrew F. Russo*
ANDREW F. RUSSO
arusso@rywantalvarez.com
Florida Bar No. 508594
MICHAEL S. RYWANT
mrywant@rywantalvarez.com
Florida Bar No. 240354
Rywant, Alvarez, Jones,
Russo & Guyton, P.A.
109 N. Brush Street, Suite 500
Tampa, FL 33604
Phone: (813) 229-7007
Fax: (813) 223-6544
*Attorneys for James C. Sanderson*

*/s/ Bradley S. Fisher*
BRADLEY S. FISCHER
fischer@lbbslaw.com
Florida Bar No. 716553
Lewis, Brisbois, Bisgaard & Smith, LLP
200 SW 1st Avenue, Suite 910
Fort Lauderdale, FL 33301
Phone: (954) 728-1280
Fax: (954) 728-1282
*Attorneys for Zurich American Insurance Company, Maryland Casualty Company and Assurance Company of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Joint Status Report and Request for Status Conference has been electronically filed on April 22, 2013 with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing and copy to counsel for Defendants, Bradley S. Fischer, Esq., Lewis, Brisbois, Bisgaard & Smith, LLP, 200 Las Olas Circle, 200 SW 1st Avenue, Suite 910, Fort Lauderdale, FL 33301 and counsel for Dr. Sanderson, Andrew Russo, Esq., Rywant, Alvarez, Jones, Russo & Guyton, P.A., 109 N. Brush Street, Suite 500, Tampa, FL 33604.

                                                      /s/ Lindsay Patrick Lopez
                                                             Attorney