UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES C. SANDERSON,

    Plaintiff,

v.                                      Case Number: 8:09-cv-1755-T-23AEP

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

**CASE MANAGEMENT REPORT**

    1.    Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **September 25, 2013** at    ( (check one) (_X_) by telephone (or) (__) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Bradley S. Fischer** | |
| **Andrew Russo** | |
| **John Goldsmith** | |
| **Lindsay Lopez** | |

    2.    Initial Disclosures:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of

injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__**X**__   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). [2]

_____   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that: _____ _____ _____

_____   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties)_____objects to disclosure of such information for the specific reason(s) that: _____ _____ _____

3. <u>Discovery Plan - Plaintiff:</u> The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery:</u> A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

(1) Requests for Admission:

**Plaintiffs may serve Requests for Admissions as permitted by the Court and applicable rules**.

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

**Plaintiffs may serve interrogatories as permitted by the Court and applicable rules**.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**Plaintiffs may serve Requests for Production as permitted by the Court and applicable Rules. Plaintiffs previously served a request for production, which remains outstanding. The Court recently overruled Defendants' objections and lifted the stay on discovery. Magistrate Porcelli advised the parties at the September 17, 2013 case management conference that he would clarify the issue raised by the Defendants regarding the production of documents.**

(4) Oral Depositions:

**Plaintiffs may take depositions as permitted by the Court and applicable rules**.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

 b. <u>Disclosure of Expert Testimony:</u> Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **December 31, 2013**.

 c. <u>Supplementation of Disclosures and Responses:</u> Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **As necessary**.

 d. <u>Completion of Discovery:</u> Plaintiffs propose that Plaintiffs will commence all discovery in time for it to be completed on or before **January 31, 2014**.

Defendants propose that Plaintiffs will commence all discovery in time for it to be completed on or before: **Fact Discovery: February 14, 2014, Expert Discovery: March 18, 2014**.

 4. <u>Discovery Plan - Defendant:</u> The parties jointly propose the following Defendant's discovery plan:

 a. <u>Defendant's Planned Discovery:</u> A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

  (1) <u>Requests for Admission:</u> **Defendants may serve Requests for Admission as permitted by the Court and applicable rules**.

  Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

  (2) <u>Written Interrogatories:</u> **Defendants may serve Requests for Admission as permitted by the Court and applicable rules**.

  Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3)    Requests for Production or Inspection: **Defendants may serve interrogatories as permitted by the Court and applicable rules**.

      (4)    Oral Depositions: **Defendants may take depositions as permitted by the Court and applicable rules**.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

    b.    Disclosure of Expert Testimony: Plaintiffs propose, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **December 31, 2013**, and any rebuttal disclosure will be due by **January 14, 2014**.

Defendants propose, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **January 31, 2014**.

    c.    Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **As necessary**.

    d.    Completion of Discovery: Plaintiffs propose that Defendants will commence all discovery in time for it to be completed on or before: **Fact Discovery: January 31, 2014; Expert Discovery: February 14, 2014.**

    e.    Defendants propose that Defendants will commence all discovery in time for it to be completed on or before: **Fact Discovery: February 14, 2014; Expert Discovery: March 18, 2014**.

    5.    Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): **None at this time**.

    6.    Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery

completion dates. The parties are unable to agree as to the following issues concerning discovery:  **None at this time**.

7. Potentially Dispositive Motions: Plaintiffs assert that the deadline for filing dispositive motions already passed and object to the parties filing additional dispositive motions. To the extent that the Court allows additional dispositive motions, Plaintiffs propose that the final date for filing motions for summary judgment, and all other potentially dispositive motions should be (Note time limit in Local Rule 4.03): **February 28, 2014.** Defendants agree to this date but assert that both the Magistrate Judge and the District Court Judge have ruled that summary judgment motions may be filed once a new case management order is in place.

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:
Parties agree that settlement is

_____ likely   (check one)

\_\_X\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
\_\_\_\_ yes   \_X\_ no   \_\_\_\_ likely to agree in future.

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

\_\_\_\_\_ yes \_\_X\_\_ no \_\_\_\_\_ likely to agree in future

10. Preliminary Pretrial Conference:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties

_____ request (check one) \_\_X\_\_ do not request

6

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

Final Pretrial Conference and Trial: If the Court does not allow additional dispositive motions, Plaintiffs propose that the Parties will be ready for a final pretrial conference in March 2014, and for trial in April 2014.

If the Court does allow additional dispositive motions, Plaintiffs propose that the Parties will be ready for a final pretrial conference in May 2014 and for trial in June 2014.

Defendants propose that the Parties will be ready for a final pretrial conference on or after **June 2, 2014** and for trial on or after **June 9, 2014**.

This **Jury** X   **Non-Jury** ___ trial is expected to take approximately **five days**.

11. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

12. Other Matters: Plaintiffs identify the following additional matters: As discussed herein, Plaintiffs object to any additional motions for summary judgment or dispositive motions. Defendants already filed a motion for summary judgment, and the deadline for filing additional dispositive motions has already passed. Defendants assert that summary judgment motions are warranted and that the Magistrate Judge and District Court Judge have already ruled that summary judgment motions may be filed once a new case management order is in place.

The most significant issue for the Plaintiffs has been the inability to obtain documents responsive to their request for production, including the claims file. The Court has overruled Defendants' objections and lifted the stay on discovery. Defendants have stated that they may raise privilege objections, and it may take some time for those objections to be resolved. To ensure no further delay, Plaintiffs request that the Court establish a procedure for resolving Defendants' privilege claims and set a hearing no later than October 31, 2013 to resolve privilege issues. The dates that Plaintiffs propose herein assume that they will receive responsive documents in October 2013 and be able to begin depositions in November 2013. If there is a significant delay in obtaining discovery, the proposed deadlines may need to be extended.

Defendants object to Plaintiffs' arguments above.  Defendants request 30 days to produce documents to be clarified by the Magistrate Judge, along with a privilege log.

Dated September 26, 2013

| | |
|---|---|
| */s/ Lindsay Patrick Lopez* | */s/ Andrew F. Russo* |
| JOHN D. GOLDSMITH | ANDREW F. RUSSO |
| jgoldsmith@trenam.com | arusso@rywantalvarez.com |
| Florida Bar No.:  444278 | Florida Bar No. 508594 |
| LINDSAY PATRICK LOPEZ | MICHAEL S. RYWANT |
| llopez@trenam.com | mrywant@rywantalvarez.com |
| Florida Bar No.:  0022839 | Florida Bar No. 240354 |
| Trenam, Kemker, Scharf, | Rywant, Alvarez, Jones, |
| Barkin, Frye, O'Neill & Mullis, P.A. | Russo & Guyton, P.A. |
| 101 E. Kennedy Boulevard, Suite 2700 | 109 N. Brush Street, Suite 500 |
| Tampa, FL 33602 | Tampa, FL 33604 |
| Phone: (813) 223-7474 | Phone: (813) 229-7007 |
| *Attorneys for St. Luke's Cataract and Laser Institute P.A.* | *Attorneys for James C. Sanderson* |

*/s/ Bradley S. Fisher*
BRADLEY S. FISCHER
fischer@lbbslaw.com
Florida Bar No. 716553
Lewis, Brisbois, Bisgaard & Smith, LLP
200 SW 1st Avenue, Suite 910
Fort Lauderdale, FL  33301
Phone: (954) 728-1280
*Attorneys for Zurich American Insurance Company, Maryland Casualty Company and Assurance Company of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Case Management Report has been electronically filed on September 26, 2013 with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing and copy to counsel for Defendants, Bradley S. Fischer, Esq., Lewis, Brisbois, Bisgaard & Smith, LLP, 200 Las Olas Circle, 200 SW 1st Avenue, Suite 910, Fort Lauderdale, FL 33301 and counsel for Dr. Sanderson, Andrew Russo, Esq., Rywant, Alvarez, Jones, Russo & Guyton, P.A., 109 N. Brush Street, Suite 500, Tampa, FL 33604.

　　　　　　　　　　　　　　　　　　　　　*/s/ Lindsay Patrick Lopez*
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney