**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **JAMES C. SANDERSON,** | **CASE NO.:  8:09-CV-1755-T-23AEP** |
| Plaintiffs, | |
| vs. | |
| **ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA,** | |
| Defendants. _____/ | |
| **ST. LUKE'S CATARACT AND LASER INSTITUTE, P.A.** | |
| Intervenor, | |
| vs. | |
| **ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA,** | |
| Defendants, _____/ | |

### DEFENDANTS' MOTION TO DISQUALIFY ATTORNEY MICHAEL RYWANT FROM REPRESENTATION OF PLAINTIFF, JAMES C. SANDERSON

Defendants, ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA, by and through undersigned counsel, hereby move for the entry of an Order disqualifying attorney Michael Rywant from further serving as counsel for Plaintiff, JAMES C. SANDERSON ("SANDERSON"), in this matter because he is a material witness.  In support, Defendants state as follows:

4840-8573-1351.1

## I. BACKGROUND

This is an action sounding in breach of contract against Defendants and seeking general liability insurance coverage for an underlying consent judgment ("Coblentz Agreement"), entered into without the Defendant insurers' knowledge and consent, and while two of the Defendant insurers (the third insurer issued no policy to Sanderson) were defending Sanderson under a reservation of rights. As further explained in Defendants' pending Motion for Summary Judgment [Dkt. 99], Michael Rywant, personal counsel for Sanderson, was intimately involved in negotiating reservations of rights on behalf of Sanderson, orchestrating the entry of the Coblentz Agreement between Sanderson and St. Luke's, and circumstances giving rise to Plaintiff's purported claims asserted against the Defendants.

On November 13, 2013, Sanderson and the Plaintiff, St. Luke's Cataract and Laser Institute, P.A. ("St. Luke's"), in answers to Defendants' interrogatories, listed Michael Rywant as a witness to be called at trial in this matter. While Sanderson failed to specify any subject matter of such proposed testimony, St. Luke's designated the subject matter on which Mr. Rywant will testify as "Defendants' breaches of Dr. Sanderson's insurance contracts." The purported breaches alleged by the Plaintiffs are set forth in Defendants' pending Summary Judgment Motion [Dkt. 99].

## II. ARGUMENT

Rule 4-3.7 of the Florida Rules of Professional Conduct provides in pertinent part as follows:

> **Rule 4-3.7. Lawyer as witness. (a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
>
> (1) the testimony relates to an uncontested issue;

>(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
>(3) the testimony relates to the nature and value of legal services rendered in the case; or
>
>(4) disqualification of the lawyer would work substantial hardship on the client.

Significantly, as stated in the comments to the above-quoted Rule,

>Combining the roles of advocate and witness can prejudice the tribunal and the opposing party can also involve a conflict of interest between the lawyer and client.
>
>The trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The combination of roles may prejudice another party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
>
>To protect the tribunal, subdivision (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified.

. . .

The Defendants have requested the deposition of Mr. Rywant, but Sanderson has not indicated whether he will permit said deposition because Mr. Rywant is currently representing Sanderson in this case (along with Andrew Russo of his firm). While the Defendants do not take issue with Mr. Russo's participation in this matter, Mr. Rywant should be disqualified from doing so. The undersigned counsel has been advised that Mr. Rywant will be leading the depositions of Defendants' Corporate Representative, which has been scheduled for December 18, 2013. Defendants have also been advised that Mr. Rywant intends to defend Dr. Sanderson's deposition, to be taken by the undersigned counsel on January 8, 2014. Mr. Rywant should not be permitted to serve as both advocate and witness in this litigation because statements made by

him could be interpreted as evidence or as an analysis of evidence (statements that may be made by him not only at trial, but also at depositions to the extent such depositions are later used or introduced as evidence at trial).

The undersigned counsel certifies that he has conferred with Sanderson's counsel in a good faith effort to resolve the issues raised in this Motion, but has been unable to reach any agreement.

WHEREFORE, the Defendants, ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and ASSURANCE COMPANY OF AMERICA, respectfully request the entry of an Order disqualifying Michael Rywant as counsel for Sanderson in this matter.

        Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH LLP
        Attorneys for Defendants
        200 SW 1st Avenue, Suite 910
        Fort Lauderdale, Florida 33301
        Tel: 954-728-1280;
        Fax: 954-728-1282

        *s/ Bradley S. Fischer*
        BRADLEY S. FISCHER
        Florida Bar No.: 716553
        Email: fischer@lbbslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        LEWIS BRISBOIS BISGAARD & SMITH LLP
        Attorneys for Defendants
        200 SW 1st Avenue, Suite 910
        Fort Lauderdale, Florida  33301
        Tel:  954-728-1280;
        Fax: 954-728-1282


        */s/ Bradley S. Fischer*
        BRADLEY S. FISCHER
        Florida Bar No.:  716553
        Email:  fischer@lbbslaw.com

## SERVICE LIST

SANDERSON v. ZURICH AMERICAN INSURANCE COMPANY, et al.
CASE NO.: 8:09-CV-1755-T23AEP
UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **John D. Goldsmith, Esq.**<br>Florida Bar No.: 444278<br>E-Mail: jdgoldsmith@trenam.com<br>**Lindsay Patrick Lopez, Esq.**<br>Florida Bar No.: 022839<br>E-Mail: llopez@trenam.com<br>TRENAM, KEMKER, SCHARF,<br>BARKIN, FRYE, O'NEILL & MULLIS, P.A.<br>101 East Kennedy Blvd. - Suite 2700<br>Tampa, FL  33602<br>Tel:813-227-7456<br>Fax:813-227-0456<br>*Attorneys for St. Luke's Cataract<br>and Laser Institute P.A.* | **Andrew F. Russo, Esq.**<br>Florida Bar No.: 508594<br>E-Mail: arusso@rywantalvarez.com<br>**Michael S. Rywant, Esq**.<br>Florida Bar No.:  240354<br>E-Mail: mrywant@rywantalvarez.com<br>RYWANT, ALVAREZ, JONES,<br>RUSSO & GUYTON, P.A.<br>109 North Brush Street - Suite 500<br>Tampa, FL  33602<br>Tel:  813-229-7007<br>Fax: 813-223-6544<br>*Attorneys for James C. Sanderson* |