**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES C. SANDERSON,

                    **Plaintiff,**

        vs.                    CASE NO. 8:09-cv-1755-AEP
                               August 7, 2014
                               Tampa, Florida
                               2:48 - 3:10 p.m.

ZURICH AMERICAN INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY and
ASSURANCE COMPANY OF AMERICA,

                    **Defendants.**
_____/

ST. LUKE'S CATARACT AND LASER
INSTITUTE, P.A.,

                    **Intervenor,**

        vs.

ZURICH AMERICAN INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY, and
ASSURANCE COMPANY OF AMERICA,

                    **Defendants.**

_____/


**TRANSCRIPT OF PRETRIAL CONFERENCE**
**(Document No. 222)**
**BEFORE THE HONORABLE ANTHONY E. PORCELLI**
**UNITED STATES MAGISTRATE JUDGE**

**Proceedings transcribed via courtroom digital audio
recording by Official Court Reporter using computer-aided
transcription.**

**A P P E A R A N C E S:**

On behalf of the Plaintiff,   JOHN D. GOLDSMITH, ESQ.
St. Luke's Cataract and     LINDSAY PATRICK LOPEZ
Laser Institute, P.A.:      101 East Kennedy Boulevard
                                Suite 2700
                                Tampa, Florida  33606
                                813/223-7474


On behalf of the Plaintiff,   ANDREW FRANK RUSSO, ESQ.
James C. Anderson:          MICHAEL RYWANT, ESQ.
                                109 N. Brush Street
                                Suite 500
                                Tampa, Florida  33609
                                813/229-7007


Oh behalf of the Defendant:   BRADLEY S. FISCHER, ESQ.
                                200 Southwest First Avenue
                                Suite 910
                                Ft. Lauderdale, Florida  33301
                                954/728-1280


Court Reporter:              Howard W. Jones, RPR
                                801 N. Florida Avenue
                                Suite 15A
                                Tampa, Florida 33602
                                813/301-5024

# I N D E X

PAGE

CERTIFICATE OF COURT REPORTER:                    20

\* \* \* \* \* \* \* \* \*

# E X H I B I T S

**(NONE RECEIVED IN EVIDENCE)**

\* \* \* \* \* \* \* \* \* \*

1             **P R O C E E D I N G S**

2             **(Court called to order.)**

3             THE DEPUTY CLERK:  Sanderson vs. Zurich American

4    Insurance Company, Case 8:09-cv-1755-AEP.

5             THE COURT:  All right.  Counsel, please state your

6    appearance for the record.

7             MR. RUSSO:  Andrew Russo and Mike Rywant on behalf

8    of Dr. Sanderson.

9             THE COURT:  Thank you.  Good afternoon.

10            MS. LOPEZ:  Good afternoon, Your Honor, Lindsay

11   Lopez and John Goldsmith on behalf of St. Luke's.

12            THE COURT:  Thank you.

13            Mr. Fischer.

14            MR. FISCHER:  Brad Fischer, Your Honor, for the

15   defendants.

16            THE COURT:  All right.  Again, thank you all.

17   This matter is set for pretrial.  The parties have consented

18   to my jurisdiction for purposes of trial.  The case is

19   scheduled for trial beginning on September 22nd.  In the

20   interim there's a number of motions pending, motions in

21   limine filed by both the defense and plaintiffs and then a

22   motion or renewed motion for reconsideration of summary

23   judgment.  Summary judgment was -- summary judgments that

24   were filed previously were resolved by Judge Merryday,

25   noting for the record it was an endorsed order as to all of

```
 1    them.
 2              So here's where we're at:  First, let me just
 3    discuss proceeding forward to the trial and if we're
 4    anticipating any problems as far as the September 22nd trial
 5    date or there are any issues that we need to bring up
 6    regarding that.
 7              So, Mr. Russo, on behalf of you and Mr. Rywant?
 8              MR. RUSSO:  Not from Dr. Sanderson.
 9              THE COURT:  All right.  Mr. Goldsmith and
10    Ms. Lopez, any issues with that date?
11              MR. GOLDSMITH:  No.
12              MS. LOPEZ:  No, Your Honor.
13              THE COURT:  All right.  Mr. Fischer?
14              MR. FISCHER:  None.
15              THE COURT:  All right.  Well, here's some issues.
16    A number of the motions in limine filed by the defense
17    relate primarily -- and I'll note just at issue, because
18    essentially all these motions in limine are bringing up the
19    substantive legal arguments that have been presented many
20    times, including the summary judgment before Judge Merryday.
21    However, as I've noted relating -- regarding some of these
22    issues pertaining to discovery matters that were before me
23    before the consent, I do have questions about how the case
24    would proceed, specifically for purposes of trial, as to one
25    of the allegations.
```

```
1              So what I intend to do is to set the motions in

2    limine pertaining to that issue, as well as the motion for

3    reconsideration of summary judgment, for a hearing on the

4    15th of September, as well as set the issue regarding the

5    motion in limine filed by the plaintiffs that pertains

6    particularly to number 181 and really 182 as well, which

7    relate to the coverage issue.

8              As expressed by the defense, they're intending --

9    or express that it's the plaintiff's obligation to establish

10   coverage.  And I'll note for the record this is a matter

11   that's already been up before the Eleventh Circuit, the

12   Eleventh Circuit, based on the language in the opinion,

13   found coverage.  The defense is now asserting that that was

14   limited only as to a specific issue before the court and

15   there were no other arguments presented on the coverage

16   issue.  So I think that is a matter we need to take up prior

17   to trial as well.

18             Here is, as I see it, pertaining really to one of

19   the -- heart of one of the issues, this breach of contract

20   relating to failure to settle.  I had stated this previously

21   on the record.  It seems to me, and this is something the

22   parties can address in anticipation of the hearing, what

23   we've gone round and round many times on is, in essence,

24   this:  This is a case where there was a reservation of

25   rights.  There was an original litigation, St. Luke's I,
```

1   where there were multiple reservation of right letters

2   presented.  The defense was accepted, judgment was found

3   contrary to Dr. Sanderson in the amount of $20,000 as to one

4   of the infringement claims and there were some issues

5   discussed based upon that, to include paying the bond,

6   paying the judgment, as well as the attorney fees issue.

7           During the interim there's the allegation that

8   there was another negotiated reservation of rights

9   pertaining to St. Luke's II.

10          The case law, as I see it and as has been cited by

11  all the parties, where there is a reservation of rights

12  defense presented and the insurer accepts the defense, there

13  is an exception to reject the defense, and that is if

14  there's a material change in the terms of the carrier's

15  defense.

16          Plaintiff has alleged certain changes that they

17  are going to assert or material which justify Dr. Sanderson

18  to reject the defense and enter into the settlement.

19  Incumbent within that is what I would classify as an

20  additional exception, which is something we've discussed

21  many times.  And I think this is based upon Eleventh Circuit

22  case law in the *Ernie Haire* case, which clearly reads that

23  there can be a breach of contract based upon a failure to

24  settle.  There is not very thorough analysis, so I have read

25  that case many times and attempted to interpret the meaning

1    of that case.  This is what I really want the argument on as

2    to that issue.

3              It seems to me that that case expressly states

4    that the breach of contract for failure to settle has to be

5    objectively read from the contract itself.  And as we know,

6    the facts of that case essentially was the mistaken belief,

7    and as found by the Court I think it was a good-faith

8    belief, that the policy limit was I believe, if I recall

9    correctly, around $550,000.  The case eventually settled for

10   1.1 million.  So the Eleventh Circuit said that you can't

11   have a breach of contract relating to the duty to defend

12   failure to settle -- excuse me, relating to the failure to

13   settle, which is encompassed within the duty to defend.  But

14   it seems to me that that failure to settle was based within

15   an objective reading of the contract.

16             Based on what I know of the record of this case

17   and what we've had many argument before me, I've heard

18   nothing about what is going to be presented as the theory

19   for failure to settle.  If you're going to have a breach of

20   the duty to defend based on simply failure to settle because

21   they wouldn't settle and as argument and Mr. Fischer has

22   made many times, that may be premised on whether they did so

23   in bad faith, it seems to me that's contrary to the *Ernie*

24   *Haire* decision.

25             So what I'm looking to hear argument on is what is

1    going to be the theory as to the failure to settle defense.

2    That is going to be significant, because that will likely

3    result in a number of -- how I rule on that, how the case

4    and evidence proceed forward at trial.

5            As I've noted many times and I've stated during

6    discovery portions of proceedings before me, the one thing

7    it seems to me that is not appropriate to go forward on the

8    breach of contract and I think the case law makes clear is

9    any theory of bad faith or the breach of good faith.  That

10   is a separate cause of action, it has nothing to do with the

11   breach of contract.  So that's what I want to find out as to

12   that one issue.

13           The second issue before me that I'm curious about

14   which I think we need to require a separate hearing is now

15   the defense's theory, which seems to be somewhat

16   inconsistent.  In one argument, particularly in the pending

17   motions before me as with the issue regarding mutually

18   agreeable counsel, there is the argument that, well,

19   Dr. Sanderson was not entitled to mutual agreeable counsel

20   because there was never an assertion of a coverage defense.

21   But yet, lo and behold, now I have before me, despite what

22   has happened procedurally in this case, where coverage was

23   denied based on an exclusion and the Eleventh Circuit has

24   found coverage, now the argument before me is, well, there

25   is a coverage issue, it's their burden to establish coverage

1   and there may be a coverage issue.  So I want to resolve

2   that as to whether that should be something within this case

3   or not.

4          And the motions in limine are very scant as to --

5   other than -- and I under -- and first of all, that's not --

6   to be clear, not a criticism of anyone, because the parties

7   were up against the clock previously trying to get prepared

8   for trial and had a limited time to file motions in limine,

9   so I certainly appreciate that they wanted to bring the

10  issues to the attention of the Court.

11         So I've rambled long enough.  What I'm trying to

12  indicate is it seems to me these are core issues that we

13  need to decide beforehand.  I want to give the parties an

14  opportunity, knowing what I'm thinking, to be prepared to

15  come forward with argument.  I don't need further pleadings,

16  just be prepared to come with argument as to those issues,

17  because, one, I think it will be beneficial for the record;

18  two, it will be helpful for the parties to know what exactly

19  we're going to go forward with at trial.

20         The other motions in limine I don't need argument

21  on, I'll rule on those on Monday so you have an idea where

22  to go, but those are not as significant in my mind as far as

23  going forward.

24         All right.  In light of that, Mr. Russo, do you

25  want to raise anything at this time or any concerns that you

1  may have?

2          MR. RUSSO:  No.  My understanding is that we're

3  going to argue on September 15th the remaining issues and

4  you're going to rule on whatever ones you deem appropriate

5  at this time.

6          THE COURT:  All right.

7          MR. RYWANT:  If I may, Your Honor?

8          THE COURT:  Yes.

9          MR. RYWANT:  Mike Rywant.  Does the Court want

10  supplemental memorandum on the core issues that you've just

11  outlined and, if so, how far in advance of that

12  September 15th date?

13          THE COURT:  I do not.  I'm not requiring it and I

14  think it's been fully briefed, but if you think there is

15  something that's missing in the record that you would like

16  to provide, I'm not going to prohibit it.  I think the cases

17  are well cited, I think the case law is very clear, but if

18  you think that there's something further that needs to be

19  provided to supplement the record, you may do so.  But I'm

20  not going to require it.

21          MR. RYWANT:  No more than five pages would be

22  acceptable to the Court?

23          THE COURT:  I'm not even going to limit it.  If

24  you think there's something that you need to tell me, then I

25  want you to adequately provide it in the record.  But what I

1   am saying to you is I think I have enough before me, but if

2   you think there's more that needs to be said, then I'm not

3   going to prohibit it.

4          MR. RYWANT:  Thank you.

5          THE COURT:  All right.  Mr. Goldsmith?

6          MR. GOLDSMITH:  Yes, Your Honor.  Just because we

7   when we had the pretrial we had it with Judge Merryday as --

8   being the trial judge, and a lot of the questions we asked

9   you weren't sure how he was going to handle it, but perhaps

10  you might know how you may handle some of these issues.

11         THE COURT:  Sure.

12         MR. GOLDSMITH:  Such as voir dire, do you allow

13  the lawyers to ask questions?

14         THE COURT:  I do.  What I'll do is I have standard

15  questions, just the routine questions I'll ask.  You know,

16  they have the form, I'll do the standard questions off of

17  that.  Any specific questions that you want me to ask I will

18  ask; in other words, if for whatever reason --

19         MR. GOLDSMITH:  Sure.

20         THE COURT:  -- the parties don't want to ask a

21  specific question but do want to ask to the members of the

22  jury, I will ask that.  Other than that I will give both

23  sides 20 minutes to examine the panel.

24         I do allow back-striking, that was your next

25  question.

1          MR. GOLDSMITH:  That was the next question.

2          THE COURT:  So that I will permit as well.

3          It's my intent -- are we still only anticipating

4  around three to four days for the trial?

5          MR. RUSSO:  I think perhaps maybe five, but I

6  don't think more than five.

7          MR. GOLDSMITH:  I agree, it's going to be five.

8          THE COURT:  All right.  So it would be my intent

9  to select eight for the jury.

10          All right.  Any other questions in that regard?

11          (No response.)

12          THE COURT:  As far as the -- I'm assuming you want

13  the overhead, I'm assuming you want an order to bring in any

14  electronic -- well, you don't need that order anymore.  But

15  are you going to be presenting any of the exhibits

16  electronically?

17          MR. RUSSO:  Yes, we are.

18          THE COURT:  All right.  So we'll have that

19  available and what I would suggest is if you want to have

20  any of your systems people, we can arrange it with Ms. Vito

21  to come in the Friday before the trial if you want.

22          And I know, Mr. Fischer, that may put you in a

23  difficult position, but in essence, I know sometimes the

24  attorneys are concerned to make sure everything's compatible

25  and there are not going to be any problems at the trial.  If

1    you want to do that, all you need to do is contact Ms. Vito

2    and we can arrange that.

3         MR. GOLDSMITH:  Your Honor, with selecting eight

4    jurors, do you have a sense of what the pool of jurors are

5    going to be, the number?

6         THE COURT:  How many we're going to bring in?

7    Typically it's going to be no more than 40, is what I would

8    anticipate.

9         MR. GOLDSMITH:  Your Honor, the only other

10   issue --

11        THE COURT:  Let me raise one other point with you

12   that comes to mind prior to that.  I don't know at this time

13   yet how many trials are lined up for that date.

14        MR. GOLDSMITH:  Sure.

15        THE COURT:  I'm the low man on the totem pole, so

16   it goes in order of seniority, so if there is only so many

17   available jurors, we'll have to wait until the other juries

18   are picked, so --

19        MR. GOLDSMITH:  Right.

20        THE COURT:  I'm going to schedule for you to be

21   here at 9:00.  If we can go forward right away at 9:00, we

22   will.  If not, we'll just have to wait.  I'm sorry, I cut

23   you off.

24        MR. GOLDSMITH:  The only other issue that the

25   parties have had some discussions about is mediation.

1   Obviously, you cannot be the mediator now that you're going

2   to be the trial judge.  So I -- but I presume that we could

3   simply -- if we need a mediation order we can simply contact

4   your chambers?

5           THE COURT:  Mr. Fischer?

6           MR. FISCHER:  Your Honor, we had a brief

7   discussion about that and my client is interested in

8   attending a settlement conference with Your Honor if Your

9   Honor is inclined to do so.  I know you're trying the case,

10  but if all the parties agree, I know some judges do that,

11  some don't.  And then the reason being is simply that we

12  have a comfort level at this point that Your Honor is very

13  well versed in the case either way.

14          THE COURT:  Well, let me say this:  I have done

15  that before in the past with the express waiver by the

16  parties.  I'm not sure what else in this case -- and I'm

17  thinking out loud, what else may be revealed in a mediation

18  that may cause concern for the parties, but that's something

19  only they may know as far as going forward.  But if the

20  parties are willing to go forward in that way, I'm happy to

21  do it.

22          Now, having said that, I will need to look at the

23  schedule.  Unfortunately, these last two months are pretty

24  packed.  So let me stop there and ask:  Is that something

25  the parties want?  Do they want me to mediate or would you

1  rather have another judge mediate the case?

2         MR. GOLDSMITH:  Judge, that's probably something I

3  need to talk with the client about, because I actually

4  thought, just actually based on my -- both past experience

5  with you and knowing what the rule says, I actually didn't

6  know that that was even an option.

7         MR. RYWANT:  Yeah, if I may, Your Honor, I've had

8  this discussion with Mr. Goldsmith and it's my fault and

9  I'll take the blame.  The way I read the rule, I told John I

10 don't think you could do that.  So that's kind of why we

11 moved off of a settlement conference with Your Honor to what

12 Mr. Goldsmith has expressed, a separate mediation conference

13 with a different individual.  But you know far better than I

14 what you can and can't do, so I'll defer to you obviously.

15        THE COURT:  So the answer to that question is I

16 will certainly consider doing that.  And let me just tell

17 you what the schedule's looking like.

18        All right.  The first week of September, Monday is

19 Labor Day.  Other than the 4th, primarily the 2nd and 3rd

20 are days I could probably do.  And unfortunately, the rest

21 of September is just not possible.  I'm out the following

22 week at a judicial conference and the week after that is

23 duty.

24        But again, that doesn't preclude -- so to go back

25 to Mr. Goldsmith's original question, if it's not possible

1   or not requested by any of the parties that -- do it before

2   me, and I want to actually even think about it a little bit

3   more, I'll let the parties know by tomorrow if I think it's

4   appropriate to go forward myself.  But the answer to the

5   original question, yes, the parties are looking and they're

6   requesting either -- you know, I could certainly find

7   another magistrate judge that would participate in the

8   mediation if that's something the parties are interested in.

9           But here's what we'll do:  Those are really the

10  only dates I've got available for myself, are that first

11  week of September, the 2nd and 3rd.  Really that's it, those

12  two days.  I mean, we certainly could do it the week of the

13  15th, that is my duty week, which is what I was intending to

14  do with our evidentiary -- or, excuse me, our motion hearing

15  on the 15th and then just deal with duty matters separately.

16  But we could do it that day and push back the hearing to

17  later in the week if that's something you'd like to do.

18          So why don't we do this:  Mr. Fischer, you can

19  consult with your client -- or, excuse me, Mr. Goldsmith,

20  consult with your client as to how they want to proceed.  If

21  they would like another magistrate judge, that's fine.  I

22  will also get with the parties by tomorrow regarding whether

23  I'm willing to participate, if agreeable to all parties, in

24  the mediation.  But nonetheless, those are the potential

25  dates that we can go forward with it.  Another magistrate

18

```
 1   judge, I can give you their schedule as well.  If another
 2   magistrate judge does conduct the mediation, I'll still
 3   leave the 15th as our hearing on the motions and leave the
 4   trial scheduled as for the 22nd.
 5            MR. GOLDSMITH:  Your Honor, did you give us a time
 6   on the 15th?
 7            THE COURT:  We'll do it at nine o'clock.
 8            All right.  Anything else, Mr. Goldsmith, on your
 9   behalf?
10            MR. GOLDSMITH:  No, Your Honor.
11            THE COURT:  All right.  Mr. Fischer, anything
12   else?
13            MR. FISCHER:  No, Your Honor, but I believe -- did
14   you say that you would also hear argument on the motion for
15   reconsideration on the 15th?
16            THE COURT:  Yes, that is, in essence, the way I
17   see it, it's all encompassed within one as to that issue.
18   So, yes, I will hear your argument to that as well.
19            MR. FISCHER:  Thank you.
20            THE COURT:  All right, gentlemen.  Well, I'm at
21   least appreciative of the parties' at least ongoing
22   discussions and if we can facilitate that in any way I
23   certainly want to do so.  So we'll be in -- I'll have my
24   chambers in touch with all the parties tomorrow regarding
25   whether it would be appropriate for me to go forward in the
```

1   context of this case with the mediation.  If not, I'll have

2   my chambers consult as to whether the parties are still

3   willing to go forward with the mediation with another

4   magistrate judge.

5            All right.  Outside of that, are there any other

6   issues for purposes of the trial we need to raise at this

7   point?

8            MR. RUSSO:  No, Your Honor.

9            MR. FISCHER:  No, Your Honor.

10           THE COURT:  Okay.  We'll be in recess.  Thank you.

11           (Proceedings concluded.)

1    **C E R T I F I C A T E**

2        I, Howard W. Jones, certify that the foregoing is
a correct transcript from the record of proceedings
3    in the above-entitled matter.

4

5                                    /s *Howard W. Jones*

6                                    _____
                                     Howard W. Jones, RPR
                                     Official Court Reporter
7                                    United States District Court
                                     Middle District of Florida
8                                    Tampa Division

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**$**

$20,000 [1]  7/3
$550,000 [1]  8/9

**/**

/s [1]  20/5

**1**

1.1 [1]  8/10
101 [1]  2/3
109 [1]  2/7
1280 [1]  2/12
15A [1]  2/14
15th [8]  6/4 11/3 11/12 17/13 17/15 18/3 18/6 18/15
181 [1]  6/6
182 [1]  6/6

**2**

20 [2]  3/3 12/23
200 [1]  2/10
2014 [1]  1/5
222 [1]  1/20
22nd [3]  4/19 5/4 18/4
2700 [1]  2/3
2:48 [1]  1/6
2nd [2]  16/19 17/11

**3**

33301 [1]  2/11
33602 [1]  2/15
33606 [1]  2/4
33609 [1]  2/8
3:10 [1]  1/6
3rd [2]  16/19 17/11

**4**

40 [1]  14/7
4th [1]  16/19

**5**

500 [1]  2/7
5024 [1]  2/15

**7**

7007 [1]  2/8
7474 [1]  2/4

**8**

801 [1]  2/14
813/223-7474 [1]  2/4
813/229-7007 [1]  2/8
813/301-5024 [1]  2/15
8:09-cv-1755-AEP [2]  1/5 4/4

**9**

910 [1]  2/11
954/728-1280 [1]  2/12
9:00 [2]  14/21 14/21

**A**

about [7]  5/23 8/18 9/13 14/25 15/7 16/3 17/2
above [1]  20/3
above-entitled [1]  20/3
acceptable [1]  11/22
accepted [1]  7/2
accepts [1]  7/12
action [1]  9/10
actually [4]  16/3 16/4 16/5 17/2
additional [1]  7/20
address [1]  6/22
adequately [1]  11/25

advance [1]  11/11
AEP [2]  1/5 4/4
after [1]  16/22
afternoon [2]  4/9 4/10
again [2]  4/16 16/24
against [1]  10/7
agree [2]  13/7 15/10
agreeable [3]  9/18 9/19 17/23
aided [1]  1/24
all [26]
allegation [1]  7/7
allegations [1]  5/25
alleged [1]  7/16
allow [2]  12/12 12/24
already [1]  6/11
also [2]  17/22 18/14
am [1]  12/1
AMERICA [2]  1/8 1/15
AMERICAN [3]  1/7 1/14 4/3
amount [1]  7/3
analysis [1]  7/24
Anderson [1]  2/6
ANDREW [2]  2/6 4/7
another [7]  7/8 16/1 17/7 17/21 17/25 18/1 19/3
answer [2]  16/15 17/4
ANTHONY [1]  1/21
anticipate [1]  14/8
anticipating [2]  5/4 13/3
anticipation [1]  6/22
any [14]  5/4 5/5 5/10 9/9 10/25 12/17 13/10 13/13 13/15 13/20 13/25 17/1 18/22 19/5
anymore [1]  13/14
anyone [1]  10/6
anything [3]  10/25 18/8 18/11
appearance [1]  4/6
appreciate [1]  10/9
appreciative [1]  18/21
appropriate [4]  9/7 11/4 17/4 18/25
are [25]
argue [1]  11/3
argument [12]  8/1 8/17 8/21 8/25 9/16 9/18 9/24 10/15 11/10 16/20 18/14 18/18
arguments [2]  5/19 6/15
around [2]  8/9 13/4
arrange [2]  13/20 14/2
as [49]
ask [8]  12/13 12/15 12/17 12/18 12/20 12/21 12/22 15/24
asked [1]  12/8
assert [1]  7/17
asserting [1]  6/13
assertion [1]  9/20
assuming [3]  13/12 13/13
ASSURANCE [2]  1/8 1/15
attempted [1]  7/25
attending [1]  15/8
attention [1]  10/10
attorney [1]  7/6
attorneys [1]  13/24
audio [1]  1/24
August [1]  1/5
available [3]  13/19 14/17 17/10
Avenue [2]  2/10 2/14
away [1]  14/21

**B**

back [3]  12/24 16/24 17/16
back-striking [1]  12/24
bad [2]  8/23 9/9
based [9]  6/12 7/5 7/21 7/23 8/14 8/16

8/20 9/23 16/4
be [39]
because [8]  5/17 8/20 9/2 9/20 10/6 10/17 12/6 16/3
been [4]  5/19 6/11 7/10 11/14
before [16]  1/21 5/20 5/22 5/23 6/11 6/14 8/17 9/6 9/13 9/17 9/21 9/24 12/1 13/21 15/15 17/1
beforehand [1]  10/13
beginning [1]  4/19
behalf [7]  2/2 2/6 2/10 4/7 4/11 5/7 18/9
behold [1]  9/21
being [2]  12/8 15/11
belief [2]  8/6 8/8
believe [2]  8/8 18/13
beneficial [1]  10/17
better [1]  16/13
bit [1]  17/2
blame [1]  16/9
bond [1]  7/5
both [3]  4/21 12/22 16/4
Boulevard [1]  2/3
Brad [1]  4/14
BRADLEY [1]  2/10
breach [8]  6/19 7/23 8/4 8/11 8/19 9/8 9/9 9/11
brief [1]  15/6
briefed [1]  11/14
bring [4]  5/5 10/9 13/13 14/6
bringing [1]  5/18
Brush [1]  2/7
burden [1]  9/25

**C**

called [1]  4/2
can [11]  6/22 7/23 13/20 14/2 14/21 15/3 16/14 17/18 17/25 18/1 18/22
can't [2]  8/10 16/14
cannot [1]  15/1
carrier's [1]  7/14
case [24]
cases [1]  11/16
CASUALTY [2]  1/8 1/15
CATARACT [2]  1/11 2/2
cause [2]  9/10 15/18
certain [1]  7/16
certainly [5]  10/9 16/16 17/6 17/12 18/23
CERTIFICATE [1]  3/3
certify [1]  20/2
chambers [3]  15/4 18/24 19/2
change [1]  7/14
changes [1]  7/16
Circuit [5]  6/11 6/12 7/21 8/10 9/23
cited [2]  7/10 11/17
claims [1]  7/4
classify [1]  7/19
clear [3]  9/8 10/6 11/17
clearly [1]  7/22
client [4]  15/7 16/3 17/19 17/20
clock [1]  10/7
come [3]  10/15 10/16 13/21
comes [1]  14/12
comfort [1]  15/12
COMPANY [7]  1/7 1/8 1/8 1/14 1/15 1/15 4/4
compatible [1]  13/24
computer [1]  1/24
computer-aided [1]  1/24
concern [1]  15/18
concerned [1]  13/24
concerns [1]  10/25
concluded [1]  19/11
conduct [1]  18/2

**C**

17/15

conference [5] 1/20 15/8 16/11 16/12 16/22
consent [1] 5/23
consented [1] 4/17
consider [1] 16/16
consult [3] 17/19 17/20 19/2
contact [2] 14/1 15/3
context [1] 19/1
contract [8] 6/19 7/23 8/4 8/5 8/11 8/15 9/8 9/11
contrary [1] 7/3 8/23
core [2] 10/12 11/10
correct [1] 20/2
correctly [1] 8/9
could [5] 15/2 16/10 16/20 17/6 17/12 17/16
counsel [3] 4/5 9/18 9/19
court [12] 1/1 1/24 2/13 3/3 4/2 6/14 8/7 10/10 11/9 11/22 20/6 20/7
courtroom [1] 1/24
coverage [10] 6/7 6/10 6/13 6/15 9/20 9/22 9/24 9/25 9/25 10/1
criticism [1] 10/6
curious [1] 9/13
cut [1] 14/22
cv [2] 1/5 4/4

**D**

date [4] 5/5 5/10 11/12 14/13
dates [2] 17/10 17/25
day [2] 16/19 17/16
days [3] 13/4 16/20 17/12
deal [1] 17/15
decide [1] 10/13
decision [1] 9/24
deem [1] 11/4
defend [3] 8/11 8/13 8/20
Defendant [1] 2/10
defendants [3] 1/9 1/16 4/15
defense [12] 4/21 5/16 6/8 6/13 7/2 7/12 7/12 7/13 7/15 7/18 9/1 9/20
defense's [1] 9/15
defer [1] 16/14
denied [1] 9/23
despite [1] 9/21
did [3] 8/22 18/5 18/13
didn't [1] 16/5
different [1] 16/13
difficult [1] 13/23
digital [1] 1/24
dire [1] 12/12
discovery [2] 5/22 9/6
discuss [1] 5/3
discussed [2] 7/5 7/20
discussion [2] 15/7 16/8
discussions [2] 14/25 18/22
DISTRICT [4] 1/1 1/1 20/7 20/7
DIVISION [2] 1/2 20/8
do [31]
Document [1] 1/20
does [2] 11/9 18/2
doesn't [1] 16/24
doing [1] 16/16
don't [9] 10/15 10/20 12/20 13/6 13/14 14/12 15/11 16/10 17/18
done [1] 15/14
Dr [3] 4/8 5/8 7/3
Dr. [2] 7/17 9/19
Dr. Sanderson [2] 7/17 9/19
during [2] 7/7 9/5
duty [6] 8/11 8/13 8/20 16/23 17/13

**E**

East [1] 2/3
eight [2] 13/9 14/3
either [2] 15/13 17/6
electronic [1] 13/14
electronically [1] 13/16
Eleventh [5] 6/11 6/12 7/21 8/10 9/23
else [4] 15/16 15/17 18/8 18/12
encompassed [2] 8/13 18/17
endorsed [1] 4/25
enough [2] 10/11 12/1
enter [1] 7/18
entitled [2] 9/19 20/3
Ernie [2] 7/22 8/23
ESQ [4] 2/2 2/6 2/6 2/10
essence [3] 6/23 13/23 18/16
essentially [2] 5/18 8/6
establish [2] 6/9 9/25
even [3] 11/23 16/6 17/2
eventually [1] 8/9
everything's [1] 13/24
evidence [2] 3/13 9/4
evidentiary [1] 17/14
exactly [1] 10/18
examine [1] 12/23
exception [2] 7/13 7/20
exclusion [1] 9/23
excuse [3] 8/12 17/14 17/19
exhibits [1] 13/15
experience [1] 16/4
express [2] 6/9 15/15
expressed [2] 6/8 16/12
expressly [1] 8/3

**F**

facilitate [1] 18/22
facts [1] 8/6
failure [9] 6/20 7/23 8/4 8/12 8/14 8/19 8/20 9/1
faith [4] 8/7 8/23 9/9 9/9
far [6] 5/4 10/22 11/11 13/12 15/19 16/13
fault [1] 16/8
fees [1] 7/6
file [1] 10/8
filed [4] 4/21 4/24 5/16 6/5
find [2] 9/11 17/6
fine [1] 17/21
first [5] 2/10 5/2 10/5 16/18 17/10
FISCHER [9] 2/10 4/13 4/14 5/13 8/21 13/22 15/5 17/18 18/11
five [4] 11/21 13/5 13/6 13/7
FLORIDA [8] 1/1 1/6 2/4 2/8 2/11 2/14 2/15 20/7
following [1] 16/21
foregoing [1] 20/2
form [1] 12/16
forward [13] 5/3 9/4 9/7 10/15 10/19 10/23 14/21 15/19 15/20 17/4 17/25 18/25 19/3
found [4] 6/13 7/2 8/7 9/24
four [1] 13/4
FRANK [1] 2/6
Friday [1] 13/21
Ft [1] 2/11
fully [1] 11/14
further [2] 10/15 11/18

**G**

gentlemen [1] 18/20
get [2] 10/7 17/22
give [4] 10/13 12/22 18/1 18/5

go [10] 9/7 10/19 10/22 14/21 15/20 16/24 17/4 17/25 18/25 19/3
goes [1] 14/16
going [23]
GOLDSMITH [8] 2/2 4/11 5/9 12/5 16/8 16/12 17/19 18/8
Goldsmith's [1] 16/25
gone [1] 6/23
good [4] 4/9 4/10 8/7 9/9
good-faith [1] 8/7
got [1] 17/10

**H**

had [8] 6/20 8/17 10/8 12/7 12/7 14/25 15/6 16/7
Haire [1] 7/22 8/24
handle [2] 12/9 12/10
happened [1] 9/22
happy [1] 15/20
has [8] 7/10 7/16 8/4 8/21 9/10 9/22 9/23 16/12
have [23]
having [1] 15/22
he [1] 12/9
hear [3] 8/25 18/14 18/18
heard [1] 8/17
hearing [6] 6/3 6/22 9/14 17/14 17/16 18/3
heart [1] 6/19
helpful [1] 18/18
here [2] 6/18 14/21
here's [3] 5/2 5/15 17/9
Honor [16] 4/10 4/14 5/12 11/7 12/6 14/3 14/9 15/6 15/8 15/9 15/12 16/7 16/11 18/5 18/10 18/13 19/8 19/9
HONORABLE [1] 1/21
how [9] 5/23 9/3 9/3 11/11 12/9 12/10 14/6 14/13 17/20
Howard [4] 2/13 20/2 20/5 20/6
However [1] 5/21

**I**

I'll [12] 5/17 6/10 10/21 12/14 12/15 12/16 16/9 16/14 17/3 18/2 18/23 19/1
I'm [20] 8/25 9/13 10/11 10/14 11/13 11/16 11/19 11/23 12/2 13/12 13/13 14/15 14/20 14/22 15/16 15/16 15/20 16/21 17/23 18/20
I've [7] 5/21 8/17 9/5 9/5 10/11 16/7 17/10
idea [1] 10/21
II [1] 7/9
inclined [1] 15/9
include [1] 7/5
including [1] 5/20
inconsistent [1] 9/16
Incumbent [1] 7/19
indicate [1] 10/12
individual [1] 16/13
infringement [1] 7/4
INSTITUTE [2] 1/11 2/3
INSURANCE [3] 1/7 1/14 4/4
insurer [1] 7/12
intend [1] 6/1
intending [2] 6/8 17/13
intent [2] 13/3 13/8
interested [2] 15/7 17/8
interim [2] 4/20 7/7
interpret [1] 7/25
Intervenor [1] 1/12
is [54]
issue [16] 5/17 6/2 6/4 6/7 6/14 6/16 7/6 8/2 9/12 9/13 9/17 9/25 10/1 14/10

## I

issue... [2] 14/24 18/17
issues [13] 5/5 5/10 5/15 5/22 6/19 7/4
 10/10 10/12 10/16 11/3 11/10 12/10
 19/6
it [34]
it's [10] 6/9 9/25 11/14 13/3 13/7 14/7
 16/8 16/25 17/3 18/17
itself [1] 8/5

## J

JAMES [2] 1/3 2/6
JOHN [3] 2/2 4/11 16/9
Jones [2] 2/13 20/2 20/5 20/6
judge [13] 1/21 4/24 5/20 12/7 12/8 15/2
 16/1 16/2 17/7 17/21 18/1 18/2 19/4
judges [1] 15/10
judgment [6] 4/23 4/23 5/20 6/3 7/2 7/6
judgments [1] 4/23
judicial [1] 16/22
juries [1] 14/17
jurisdiction [1] 4/18
jurors [3] 14/4 14/4 14/17
jury [2] 12/22 13/9
just [11] 5/2 5/17 10/16 11/10 12/6
 12/15 14/22 16/4 16/16 16/21 17/15
justify [1] 7/17

## K

Kennedy [1] 2/3
kind [1] 16/10
know [15] 8/5 8/16 10/18 12/10 12/15
 13/22 13/23 14/12 15/9 15/10 15/19
 16/6 16/13 17/3 17/6
knowing [2] 10/14 16/5

## L

Labor [1] 16/19
language [1] 6/12
LASER [2] 1/11 2/3
last [1] 15/23
later [1] 17/17
Lauderdale [1] 2/11
law [4] 7/10 7/22 9/8 11/17
lawyers [1] 12/13
least [2] 18/21 18/21
leave [2] 18/3 18/3
legal [1] 5/19
let [6] 5/2 14/11 15/14 15/24 16/16 17/3
letters [1] 7/1
level [1] 15/12
light [1] 10/24
like [4] 11/15 16/17 17/17 17/21
likely [1] 9/2
limine [8] 4/21 5/16 5/18 6/2 6/5 10/4
 10/8 10/20
limit [2] 8/8 11/23
limited [2] 6/14 10/8
LINDSAY [2] 2/2 4/10
lined [1] 14/13
litigation [1] 6/25
little [1] 17/2
lo [1] 9/21
long [1] 10/11
look [1] 15/22
looking [3] 8/25 16/17 17/5
LOPEZ [3] 2/2 4/11 5/10
lot [1] 12/8
loud [1] 15/17
low [1] 14/15
LUKE'S [5] 1/11 2/2 4/11 6/25 7/9

## M

made [1] 6/22
magistrate [6] 1/21 17/7 17/21 17/25
 18/2 19/4
make [1] 13/24
makes [1] 9/8
man [1] 14/15
many [10] 5/19 6/23 7/21 7/25 8/17 8/22
 9/5 14/6 14/13 14/16
MARYLAND [2] 1/8 1/15
material [2] 7/14 7/17
matter [4] 4/17 6/10 6/16 20/3
matters [2] 5/22 17/15
may [11] 8/22 10/11 11/7 11/19
 12/10 13/22 15/17 15/18 15/19 16/7
maybe [1] 13/5
me [27]
mean [1] 17/12
meaning [1] 7/25
mediate [2] 15/25 16/1
mediation [9] 14/25 15/3 15/17 16/12
 17/8 17/24 18/2 19/1 19/3
mediator [1] 15/1
members [1] 12/21
memorandum [1] 11/10
Merryday [3] 4/24 5/20 12/7
MICHAEL [1] 2/6
MIDDLE [2] 1/1 20/7
might [1] 12/10
Mike [2] 4/7 11/9
million [1] 8/10
mind [2] 10/22 14/12
minutes [1] 12/23
missing [1] 11/15
mistaken [1] 8/6
Monday [2] 10/21 16/18
months [1] 15/23
more [5] 11/21 12/2 13/6 14/7 17/3
motion [6] 4/22 4/22 6/2 6/5 17/14 18/14
motions [10] 4/20 4/20 5/16 5/18 6/1
 9/17 10/4 10/8 10/20 18/3
moved [1] 16/11
Mr [17] 4/13 5/7 5/7 5/9 5/13 8/21 10/24
 12/5 13/22 15/5 16/8 16/14 16/25 17/18
 17/19 18/8 18/11
Ms [1] 14/1
Ms. [2] 5/10 13/20
Ms. Lopez [1] 5/10
Ms. Vito [1] 13/20
multiple [1] 7/1
mutual [1] 9/19
mutually [1] 9/17
my [11] 4/18 10/22 11/2 13/3 13/8 15/7
 16/4 16/8 17/13 18/23 19/2
myself [2] 17/4 17/10

## N

need [13] 5/5 6/16 9/14 10/13 10/15
 10/20 11/24 13/14 14/1 15/3 15/22 16/3
 19/6
needs [2] 11/18 12/2
negotiated [1] 7/8
never [1] 9/20
next [2] 12/24 13/1
nine [1] 14/5
no [13] 1/5 1/20 5/11 5/12 6/15 11/2
 11/21 13/11 14/7 18/10 18/13 19/8 19/9
NONE [2] 3/13 5/14
nonetheless [1] 17/24
not [21]
note [2] 5/17 6/10
noted [2] 5/21 9/5

nothing [2] 8/18 9/10
noting [1] 4/25
now [6] 6/13 9/14 9/21 9/24 15/1 15/22
number [5] 4/20 5/16 6/6 9/3 14/5

## O

o'clock [1] 18/7
objective [1] 8/15
objectively [1] 8/5
obligation [1] 6/9
obviously [2] 15/1 16/14
off [3] 12/16 14/23 16/11
Official [1] 1/24 20/6
Oh [1] 2/10
Okay [1] 19/10
one [10] 5/24 6/18 6/19 7/3 9/6 9/12
 9/16 10/17 14/11 18/17
ones [1] 11/4
ongoing [1] 18/21
only [7] 6/14 13/3 14/9 14/16 14/24
 15/19 17/10
opinion [1] 6/12
opportunity [1] 10/14
option [1] 16/6
order [6] 4/2 4/25 13/13 13/14 14/16
 15/3
original [2] 6/25 16/25 17/5
other [12] 6/15 10/5 10/20 12/18 12/22
 13/10 14/9 14/11 14/17 14/24 16/19
 19/5
our [3] 17/14 17/14 18/3
out [3] 9/11 15/17 16/21
outlined [1] 11/11
Outside [1] 19/5
overhead [1] 13/13

## P

P.A [2] 1/11 2/3
p.m [1] 1/6
packed [1] 15/24
PAGE [1] 3/2
pages [1] 11/21
panel [1] 12/23
participate [2] 17/7 17/23
particularly [2] 6/6 9/16
parties [21]
parties' [1] 18/21
past [2] 15/15 16/4
PATRICK [1] 2/2
paying [2] 7/5 7/6
pending [2] 4/20 9/16
people [1] 13/20
perhaps [2] 12/9 13/5
permit [1] 13/2
pertaining [4] 5/22 6/2 6/18 7/9
pertains [1] 6/5
picked [1] 14/18
Plaintiff [4] 1/4 2/2 2/6 7/16
plaintiff's [1] 6/9
plaintiffs [2] 4/21 6/5
pleadings [1] 10/15
please [1] 4/5
point [3] 14/11 15/12 19/7
pole [1] 14/15
policy [1] 8/8
pool [1] 14/4
PORCELLI [1] 1/21
portions [1] 9/6
position [1] 13/23
possible [2] 16/21 16/25
potential [1] 17/24
preclude [1] 16/24
premised [1] 8/22

## P

prepared [3] 10/7 10/14 10/16
presented [5] 5/19 6/15 7/2 7/12 8/18
presenting [1] 13/15
presume [1] 15/2
pretrial [3] 1/20 4/17 12/7
pretty [1] 15/23
previously [3] 4/24 6/20 10/7
primarily [2] 5/17 16/19
prior [2] 6/16 14/12
probably [2] 16/2 16/20
problems [2] 5/4 13/25
procedurally [1] 9/22
proceed [5] 5/24 9/4 17/20
proceeding [1] 5/3
proceedings [4] 1/24 9/6 19/11 20/2
prohibit [2] 11/16 12/3
provide [2] 11/16 11/25
provided [1] 11/19
purposes [3] 4/18 5/24 19/6
push [1] 17/16
put [1] 13/22

## Q

question [6] 12/21 12/25 13/1 16/15
16/25 17/5
questions [8] 5/23 12/8 12/13 12/15
12/15 12/16 12/17 13/10

## R

raise [3] 10/25 14/11 19/6
rambled [1] 10/11
rather [1] 16/1
read [3] 7/24 8/5 16/9
reading [1] 8/15
reads [1] 7/22
really [5] 6/6 6/18 8/1 17/9 17/11
reason [2] 12/18 15/11
recall [1] 8/8
RECEIVED [1] 3/13
recess [1] 19/10
reconsideration [3] 4/22 6/3 18/15
record [10] 4/6 4/25 6/10 6/21 8/16
10/17 11/15 11/19 11/25 20/2
recording [1] 1/24
regard [1] 13/10
regarding [6] 5/6 5/21 6/4 9/17 17/22
18/24
reject [2] 7/13 7/18
relate [2] 5/17 6/7
relating [4] 5/21 6/20 8/11 8/12
remaining [1] 11/3
renewed [1] 4/22
Reporter [4] 1/24 2/13 3/3 20/6
requested [1] 17/1
requesting [1] 17/6
require [2] 9/14 11/20
requiring [1] 11/13
reservation [4] 6/24 7/1 7/8 7/11
resolve [1] 10/1
resolved [1] 4/24
response [1] 13/11
rest [1] 16/20
result [1] 9/3
revealed [1] 15/17
right [19] 4/5 4/16 5/9 5/13 5/15 7/1
10/24 11/6 12/5 13/8 13/10 13/18 14/19
14/21 16/18 18/8 18/11 18/20 19/5
rights [3] 6/25 7/8 7/11
round [2] 6/23 6/23
routine [1] 12/15
RPR [2] 2/13 20/6
rule [5] 9/3 10/21 11/4 16/5 16/9

RUSSO [4] 2/6 4/7 5/7 10/24
RYWANT [4] 2/4 4/7 5/7 11/9

## S

said [3] 8/10 12/2 15/22
SANDERSON [7] 1/3 4/3 4/8 5/8 7/3
7/17 9/19
say [2] 15/14 18/14
saying [1] 12/1
says [1] 16/5
scant [1] 10/4
schedule [3] 14/20 15/23 18/1
schedule's [1] 16/17
scheduled [2] 4/19 18/4
second [1] 9/13
see [3] 6/18 7/10 18/17
seems [7] 6/21 8/3 8/14 8/23 9/7 9/15
10/12
select [1] 13/9
selecting [1] 14/3
seniority [1] 14/16
sense [1] 14/4
separate [3] 9/10 9/14 16/12
separately [1] 17/15
September [8] 4/19 5/4 6/4 11/3 11/12
16/18 16/21 17/11
September 15th [1] 11/12
set [3] 4/17 6/1 6/4
settle [10] 6/20 7/24 8/4 8/12 8/13 8/14
8/19 8/20 8/21 9/1
settled [1] 8/9
settlement [3] 7/18 15/8 16/11
should [1] 10/2
sides [1] 12/23
significant [1] 9/2 10/22
simply [4] 8/20 15/3 15/3 15/11
so [33]
some [7] 5/15 5/21 7/4 12/10 14/25
15/10 15/11
something [11] 6/21 7/20 10/2 11/15
11/18 11/24 15/18 15/24 16/2 17/8
17/17
sometimes [1] 13/23
somewhat [1] 9/15
sorry [1] 14/22
Southwest [1] 2/10
specific [3] 6/14 12/17 12/21
specifically [1] 5/24
ST [5] 1/11 2/2 4/11 6/25 7/9
standard [2] 12/14 12/16
state [1] 4/5
stated [2] 6/20 9/5
states [4] 1/1 1/21 8/3 20/7
still [3] 13/3 18/2 19/2
stop [1] 15/24
Street [1] 2/7
striking [1] 12/24
substantive [1] 5/19
Such [1] 12/12
suggest [1] 13/19
Suite [4] 2/3 2/7 2/11 2/14
summary [5] 4/22 4/23 4/23 5/20 6/3
supplement [1] 11/19
supplemental [1] 11/10
sure [6] 12/9 12/11 12/19 13/24 14/14
15/16
systems [1] 13/20

## T

take [2] 6/16 16/9
talk [1] 16/3
TAMPA [6] 1/2 1/6 2/4 2/8 2/15 20/8
tell [2] 11/24 16/16

terms [1] 7/14
than [7] 10/5 11/21 13/23 13/6 14/7
16/13 16/19
thank [6] 4/9 4/12 4/16 12/4 18/19 19/10
that [100]
that's [12] 6/11 8/23 9/11 10/5 11/15
15/18 16/2 16/10 17/8 17/11 17/17
17/21
their [9] 9/25 18/1
them [1] 5/1
then [5] 4/21 11/24 12/2 15/11 17/15
theory [8] 4/18 9/1 9/9 9/15
there [20] 5/5 6/15 6/24 6/25 7/1 7/4 7/8
7/11 7/12 7/23 7/24 9/18 9/20 9/24 10/1
11/14 13/25 14/16 15/24 19/5
there's [6] 4/20 7/7 7/14 11/18 11/24
12/2
these [5] 5/18 5/21 10/12 12/10 15/23
they [9] 7/16 8/21 8/22 10/9 12/16 15/19
15/25 17/20 17/21
they're [2] 6/8 17/5
thing [1] 9/6
think [19] 6/16 7/21 8/7 9/8 9/14 10/17
11/14 11/14 11/16 11/17 11/18 11/24
12/1 12/2 13/5 13/6 16/10 17/2 17/3
thinking [2] 10/14 15/17
this [22]
thorough [1] 7/24
those [6] 10/16 10/21 10/22 17/9 17/11
17/24
thought [1] 16/4
three [1] 13/4
time [5] 10/8 10/25 11/5 14/12 18/5
times [6] 5/20 6/23 7/21 7/25 8/22 9/5
told [1] 16/9
tomorrow [3] 17/3 17/22 18/24
totem [1] 14/15
touch [1] 18/24
transcribed [1] 1/24
transcript [2] 1/20 20/2
transcription [1] 1/25
trial [16] 4/18 4/19 5/3 5/4 5/24 6/17 9/4
10/8 10/19 12/8 13/4 13/21 13/25 15/2
18/4 19/6
trials [1] 14/13
trying [3] 10/7 10/11 15/9
two [3] 10/18 15/23 17/12
Typically [1] 14/7

## U

under [1] 10/5
understanding [1] 11/2
unfortunately [2] 15/23 16/20
UNITED [3] 1/1 1/21 20/7
until [1] 14/17
up [6] 5/5 5/18 6/11 6/16 10/7 14/13
upon [3] 7/5 7/21 7/23
us [1] 18/5
using [1] 1/24

## V

versed [1] 15/13
very [4] 7/24 10/4 11/17 15/12
via [1] 1/24
Vito [2] 13/20 14/1
voir [1] 12/12

## W

wait [2] 14/17 14/22
waiver [1] 15/15
want [20] 8/1 9/11 10/1 10/13 10/25
11/9 11/25 12/17 12/20 12/21 13/12
13/13 13/19 13/21 14/1 15/25 15/25
17/2 17/20 18/23

## W

wanted [1]  10/9
was [20]  4/23 4/25 6/13 6/24 6/25 7/2
7/2 7/8 8/6 8/7 8/8 8/14 9/19 9/20 9/22
12/9 12/24 13/1 16/6 17/13
way [5]  15/13 15/20 16/9 18/16 18/22
we [27]
we'll [7]  13/18 14/17 14/22 17/9 18/7
18/23 19/10
we're [5]  5/2 5/3 10/19 11/2 14/6
we've [3]  6/23 7/20 8/17
week [7]  16/18 16/22 16/22 17/11 17/12
17/13 17/17
well [16]  5/15 6/2 6/4 6/6 6/17 7/6 9/18
9/24 11/17 13/2 13/14 15/13 15/14 18/1
18/18 18/20
were [7]  4/24 4/24 5/22 6/15 7/1 7/4
10/7
weren't [1]  12/9
what [27]
whatever [2]  11/4 12/18
when [1]  12/7
where [6]  5/2 6/24 7/1 7/11 9/22 10/21
whether [5]  8/22 10/2 17/22 18/25 19/2
which [8]  6/6 7/17 7/20 7/22 8/13 9/14
9/15 17/13
why [2]  16/10 17/18
will [12]  9/2 10/17 10/18 12/17 12/22
12/22 13/2 14/22 15/22 16/16 17/22
18/18
willing [3]  15/20 17/23 19/3
within [5]  7/19 8/13 8/14 10/2 18/17
words [1]  12/18
would [12]  5/24 7/19 11/15 11/21 13/8
13/19 14/7 15/25 17/7 17/21 18/14
18/25
wouldn't [1]  8/21

## Y

Yeah [1]  16/7
yes [6]  11/8 12/6 13/17 17/5 18/16
18/18
yet [2]  9/21 14/13
you [54]
you'd [1]  17/17
you're [4]  8/19 11/4 15/1 15/9
you've [1]  11/10
your [26]

## Z

ZURICH [3]  1/7 1/14 4/3