UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES C. SANDERSON, *et al.*,

        Plaintiffs,

v.                                      Case No. 8:09-cv-1755-T-AEP

ZURICH AMERICAN INSURANCE
COMPANY, *et al.*,

        Defendants.

_____/

## **ORDER**

This cause comes before the Court upon Plaintiff's Motion for Partial Summary Judgment on Coverage to Include an Order on Entitlement to Attorney's Fees and Costs Based on Defendant's Confession of Judgment (Doc. 235), Defendants' response in opposition thereto (Doc. 239), and Plaintiff's reply (Doc. 244). By the motion, Plaintiff Dr. James C. Sanderson ("Dr. Sanderson") seeks partial summary judgment on the issue of coverage based on Defendant's purported "confession of judgment" and seeks attorney's fees and costs associated with the pursuit of his claims in this matter. Defendants Zurich American Insurance Company, Maryland Casualty Company, and Assurance Company of America (collectively, "Zurich") respond in opposition (Doc. 239), arguing that a settlement reached between Zurich and St. Luke's Cataract and Laser Institute, P.A. ("St. Luke's") did not constitute a confession of judgment, and Dr. Sanderson is not entitled to summary judgment or an award of attorney's fees in his favor. For the reasons that follow, Dr. Sanderson's motion is denied.

## I.       Background

In February 2006, St. Luke's initiated litigation (referred to herein as "*St. Luke's I*")[1]

against Dr. Sanderson and his medical practice, James C. Sanderson, M.D., LLC ("Sanderson

LLC").  *St. Luke's I* proceeded through discovery, trial, verdict, with judgments later entered in

favor of St. Luke's and against Dr. Sanderson and Sanderson LLC.  Throughout the course of *St.*

*Luke's I*, Zurich provided Dr. Sanderson and Sanderson LLC with a defense pursuant to a

reservation of rights (*see* Doc. 38, Exs. 17-18).  Following entry of judgment in *St. Luke's I*, St.

Luke's initiated another lawsuit (referred to herein as "*St. Luke's II*")[2] against Dr. Sanderson and

Sanderson LLC for copyright infringement.  During the course of *St. Luke's I* and *St. Luke's II*,

Dr. Sanderson was insured under an insurance policy issued by Zurich[3] bearing policy number

PAS 42264318 (Doc. 38, Exs. 2-8).  Throughout its representation of Dr. Sanderson and

Sanderson LLC, Zurich repeatedly stated its concerns regarding coverage of the claims asserted

against Dr. Sanderson and Sanderson LLC by St. Luke's but continued its representation of Dr.

Sanderson and Sanderson LLC in both *St. Luke's I* and *St. Luke's II* under a complete reservation

---

[1]  *St. Luke's Cataract & Laser Institute, P.A. v. James C. Sanderson, et. al.*, No. 8:06-cv-223-T-TGW (M.D. Fla.).

[2]  *St. Luke's Cataract & Laser Institute, P.A. v. James C. Sanderson, et al.*, No. 08-cv-416-T-24TGW, which was reassigned as No. 6:08-cv-1849-Orl-35GJK (M.D. Fla.).

[3]  Zurich American Insurance Company contends that it is not a proper party to this action, as it never issued an insurance contract to Dr. Sanderson, and only Maryland Casualty Company and Assurance Company of America issued any policies to Dr. Sanderson (Doc. 239, at 2 n.1; *see* Doc. 38, at 2 n.1, Ex. 1 at ¶¶2-5, & Exs. 2-8).  Outside of its mention in a footnote in Zurich's response to the instant motion, the issue of whether Zurich American Insurance Company is a proper party to this action is not otherwise before the Court via motion or otherwise.  Accordingly, the Court declines to address the matter further herein.

of rights (*see* Doc. 38, Exs. 17-20; Doc. 48, Ex. A).

On August 24, 2009, Dr. Sanderson discharged counsel provided by Zurich in the ongoing litigation and retained substitute counsel (Doc. 38, Ex. 21).  At or around the same time, Dr. Sanderson and Sanderson LLC entered into a Joint Stipulation and Agreement (the "Agreement") with St. Luke's in which the parties resolved their claims and agreed to the following, in pertinent part:

6.      The stipulation and agreement will be submitted to the court for approval. If the court approves the stipulation and agreement and enters the Final Judgment against Sanderson and Sanderson LLC in favor of St. Luke's in the amount of $2,400,000, that judgment will not be recorded.  This judgment will not create any liens and other than seeking to collect the judgment against Zurich, there will not be execution on the judgment, as long as Sanderson and Sanderson LLC timely make the payments set forth in paragraph 8 below.

\*\*\*

13.     Sanderson LLC hereby assigns any and all claims it has against Zurich to St. Luke's, including but not limited to failure to properly defend Sanderson LLC against any potential claim for Zurich's bad faith handling of St. Luke's claim against Sanderson LLC.  Sanderson LLC agrees to execute such other documents as may be necessary to effect this transfer or its other obligations under this agreement. St. Luke's and Sanderson are authorized to pursue any and all causes of action they may have against Zurich provided it is consistent with this agreement.  In addition, St. Luke's agrees to cooperate with any such action Sanderson pursues against Zurich, and Sanderson agrees to cooperate with any such action St. Luke's pursues against Zurich.

\*\*\*

16.     Sanderson and Sanderson LLC and St. Luke's agree that, at St. Luke's option, the above claims on behalf of Sanderson, Sanderson LLC, and St. Luke's will be brought by Sanderson and Sanderson LLC only, or Sanderson, Sanderson LLC and St. Luke's as co-plaintiffs.  In addition, St. Luke's agrees to cooperate with Sanderson and Sanderson LLC in any

potential action brought by Sanderson against Zurich.

17.     The protection provided for in paragraph 6 above is contingent upon Sanderson and Sanderson LLC complying with this agreement to cooperate in the prosecution of all claims they may have against Zurich.

18.     This agreement and stipulation is not intended by the parties, nor should it be construed, to prejudice the potential claims that Sanderson and Sanderson LLC shall pursue against Zurich, and it is not intended to impair the judgment referenced in paragraph 3 and, thus, shall not impair Sanderson and Sanderson LLC's right to pursue a lawsuit, inclusive of a claim for attorneys' fees if proper, against Zurich.

(Doc. 99, Ex. 11).  Based on the terms of the Agreement, Dr. Sanderson paid St. Luke's $300,000 of the $2,400,000 consent judgment.  The Agreement further provided that St. Luke's would dismiss *St. Luke's II*.  In accordance with the terms of the Agreement, a Third Amended Judgment in a Civil Case was entered on December 31, 2009, in the amount of $2,400,000 in favor of St. Luke's and against Dr. Sanderson and Sanderson LLC in *St. Luke's I* (Doc. 23, Ex. C) and *St. Luke's II* was dismissed.

Prior to entry of the Third Amended Judgment in *St. Luke's I* and the dismissal of *St. Luke's II*, Dr. Sanderson initiated this action on August 26, 2009, asserting a claim for breach of contract against Zurich stemming from Zurich's representation of Dr. Sanderson in *St. Luke's I* and *St. Luke's II* (Doc. 1).[4]  Specifically, Dr. Sanderson asserted that Zurich breached the insurance contract by wrongfully denying coverage and failing to indemnify, failing to provide mutually agreeable counsel, failing to settle the claims of St. Luke's, failing to pay judgments against Dr. Sanderson as a result of *St. Luke's I*, and failing to post a supersedeas bond on appeal

---

[4] As noted in the Complaint, at the time Dr. Sanderson initiated the instant action, *St. Luke's I* was on appeal and *St. Luke's II* was pending in the district court (Doc. 1, at ¶18).

(Doc. 1, at ¶22).  St. Luke's subsequently filed an Intervenor's Complaint, asserting a claim, as assignee of Sanderson LLC, of breach of contract against Zurich and asserting a claim for breach of a third-party beneficiary contract (Doc. 23, Ex. A; *see* Doc. 25).

After years of litigation between the parties, on September 4, 2014, Dr. Sanderson, St. Luke's, and Zurich participated in mediation.  Following mediation, St. Luke's and Zurich reached a settlement, while Dr. Sanderson and Zurich failed to settle their disputes.  After the settlement between St. Luke's and Zurich was reached, however, Dr. Sanderson filed the instant Motion for Partial Summary Judgment on Coverage to Include an Order on Entitlement to Attorney's Fees and Costs Based on Defendant's Confession of Judgment (Doc. 235).  Essentially, Dr. Sanderson contends that Zurich's settlement with St. Luke's constitutes a confession of judgment by Zurich, thereby establishing coverage for Dr. Sanderson's claims, and thus furnishes the basis for an award of attorney's fees and costs to Dr. Sanderson pursuant to Section 627.428, Florida Statutes.

Zurich responds in opposition, arguing that, given the facts of this case, the public policy behind the statute authorizing an award of attorney's fees to an insured successful in recovering wrongfully withheld benefits from its insurer would not be served by an award of attorney's fees and, further, that the confession-of-judgment doctrine applies only in the first-party context, not in the third-party context, as in the instant case (Doc. 239).  In reply, Dr. Sanderson again reiterates that he was forced to bring suit against Zurich for the payment of the claims St. Luke's asserted against him, so Zurich's subsequent payment of those claims directly benefitted Dr. Sanderson and therefore constitutes a confession of judgment.  Furthermore, Dr. Sanderson contends that, as a result of the settlement, which involved the partial payment of the judgment

against Dr. Sanderson, Zurich abandoned all of its coverage defenses as to both St. Luke's and Dr. Sanderson.

## II.      Standard of Review

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original).  The substantive law applicable to the claims will identify which facts are material.  *Id.* at 248.  In reviewing the motion, the court must view the evidence and make all factual inferences in a light most favorable to the nonmoving party and resolve all reasonable doubts about the facts in favor of the non-movant.  *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted).

## III.     Discussion

As noted above, Dr. Sanderson seeks entry of partial summary judgment against Zurich on the issue of coverage based upon a purported confession of judgment by Zurich.  Namely, Dr. Sanderson contends that Zurich improperly denied him coverage for the claims St. Luke's alleged against him, based upon various policy exclusions and coverage defenses, with such denial and alleged abandonment of contractual obligations by Zurich necessitating the initiation of this

breach-of-contract action.  Dr. Sanderson contends further that, prior to filing the suit, Zurich

failed to properly defend him or to satisfy or resolve the judgment against him.  Instead, Zurich

satisfied or resolved the unpaid portion of the judgment against Dr. Sanderson and Sanderson

LLC only as a direct result of the filing of the instant action.  Accordingly, Dr. Sanderson argues

that, because Zurich settled the disputed claims after he initiated the instant breach-of-contract

action, Zurich failed to defend its position as to coverage and such settlement operates as the

functional equivalent of a confession of judgment under Florida law.  Given this purported

confession of judgment by Zurich, Dr. Sanderson seeks partial summary judgment on the issue

of coverage.  Furthermore, as a result of the purported confession of judgment, Dr. Sanderson

seeks an award of attorney's fees and costs pursuant to Section 627.428, Florida Statutes, which

provides, in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state
> against an insurer and in favor of any named or omnibus insured or the named
> beneficiary under a policy or contract executed by the insurer, the trial court or,
> in the event of an appeal in which the insured or beneficiary prevails, the appellate
> court should adjudge or decree against the insurer and in favor of the insured or
> beneficiary a reasonable sum as fees or compensation for the insured's or
> beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

In Florida, therefore, an insured is entitled to an award of attorney's fees when judgment

is entered against an insurer and in favor of an insured.  *Canal Ins. Co. v. SP Transport, Inc.*, 272

Fed. App'x 825, 827 (11th Cir. 2008) (citing section 627.428(1), Florida Statutes).  The public

policy interest behind the statute "is to discourage insurers from contesting valid claims and to

reimburse successful policy holders forced to sue to enforce their policies."  *Danis Indus. Corp.*

7

*v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994) (*per curiam*) (citation omitted); *see Pepper's Steel & Alloys, Inc. v. U.S.*, 850 So.2d 462, 465 (Fla. 2003) ("As we have said, the statute's purpose is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company." (internal quotation marks and citation omitted)). Typically, the statute has been applied in first-party cases between an insured and its insurer in which judgment is entered against the insurer. *Basik Exp. & Imp., Inc. v. Preferred Nat'l Ins. Co.*, 911 So.2d 291, 292 (Fla. 4th DCA 2005) (citations omitted).

Under Florida law, if an insurer agrees to settle a disputed case, the insurer effectively declines to defend its position in the pending suit. *Wollard v. Lloyd's and Co. of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983). Notably, when an insurer settles a coverage claim brought against it by the insured, such settlement operates as the functional equivalent of a confession of judgment or a verdict in favor of the insured. *Id.*; *Roger Kennedy Const., Inc. v. Amerisure Ins. Co.*, 506 F. Supp. 2d 1185, 1194 (M.D. Fla. 2007) (citing *Wollard, supra*). When an insurer defends its insured pursuant to a reservation of rights, however, the insurer may settle a third-party claim within the policy limits without confessing judgment as to coverage. *Roger Kennedy*, 506 F. Supp. 2d at 1194 (citing *Basik*, 911 So.2d at 294).

In this action, Zurich represented Dr. Sanderson in *St. Luke's I* and *St. Luke's II* pursuant to a reservation of rights. Indeed, Zurich consistently and repeatedly informed Dr. Sanderson that its representation was pursuant to a reservation of rights (*see* Doc. 38, Exs. 17-20; Doc. 48, Ex. A), which Florida law permits. *See Roger Kennedy*, 506 F. Supp. 2d at 1193-94 (M.D. Fla. 2007)

8

(citations omitted) ("It is well established under Florida law that an insurer may defend its insured pursuant to a reservation of rights and that an insurer does not breach its duty to defend by providing a defense pursuant to a reservation of rights."); *Travelers Indem. Co. of Illinois v. Royal Oak Enter., Inc.*, 344 F. Supp. 2d 1358, 1369-70 (M.D. Fla. 2004) ("It is well recognized in Florida that where an insurer wrongfully refuses to provide any defense at all, the insurer is liable for reasonable attorney's fees and other expenses incurred in defending the action as damages for the breach.  It is also well settled that an insurer does not breach its duty to defend by offering to defend only under a reservation of rights." (footnotes omitted)).  When an insurer offers to defend under a reservation of rights, as Zurich did in this instance, the insured may reject the defense and hire its own attorneys and control its defense.  *Western Heritage Ins. Co. v. Montana*, 30 F. Supp. 3d 1366, 1372 (M.D. Fla. 2014) (citing *BellSouth Telecomms., Inc. v. Church & Tower of Fla., Inc.*, 930 So.2d 668, 671 (Fla. 3d DCA 2006)); *Royal Oak*, 344 F. Supp. 2d at 1370.  To be entitled to take control of the defense, however, the insured must reject the conditional defense because, if the insured accepts the conditional defense rather than rejecting it, the insured must cooperate with the insurer.  *Montana*, 30 F. Supp. 3d at 1372-73.

In this instance, Dr. Sanderson did not reject the conditional defense provided by Zurich under a reservation of rights in *St. Luke's I* and *St. Luke's II*.  Instead, Dr. Sanderson accepted the conditional defense, yet, notwithstanding Zurich's provision of a conditional defense under a reservation of rights, Dr. Sanderson hired separate counsel and unilaterally settled with St. Luke's and subsequently initiated this lawsuit alleging a claim for breach of contract.  Dr. Sanderson did not reject the conditional defense at the outset but, rather, accepted the defense provided by

Zurich for years until he decided to hire his own counsel, enter into his own agreement with St. Luke's, and initiate the instant lawsuit.

To apply the confession of judgment doctrine and award attorney's fees under the facts of this case would contravene the public policy behind Section 627.428, Florida Statutes.  As noted, the purpose behind the statute "is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." *Danis*, 645 So.2d at 421.  Accordingly, to apply the confession of judgment doctrine and award attorney's fees, where Dr. Sanderson was not denied any benefit due from Zurich and where Dr. Sanderson was not forced to sue to receive such benefits, would encourage unnecessary litigation by rewarding Dr. Sanderson for a race to the courthouse for attorney's fees even where Zurich complied with its obligations under the insurance policy. *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So.2d 393, 397-98 (Fla. 5th DCA 2007) ("The confession of judgment doctrine turns on the policy underlying section 627.428: discouraging insurers from contesting valid claims and reimbursing insureds for attorney's fees when they must sue to receive the benefits owed to them.  This doctrine applies where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer's change of heart and payment before judgment. However, courts generally do not apply the doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy." (internal citations omitted)); *see Basik*, 911 So.2d at 294 ("If the insured is awarded attorney's fees under the facts of this case, insurers will be discouraged from

10

settling third-party claims they defend under a reservation of rights for settlement will subject them to paying attorney's fees for an unnecessary declaratory judgment action filed by the insured.  It would also encourage insureds to rush to the courthouse to file a declaratory judgment action, even while being defended by the insurer, to secure attorney's fees under section 627.428. And, it may adversely affect insurers from defending under a reservation of rights.  All of these outcomes will undoubtedly continue to increase the burden on the judicial system.").

Given Zurich's representation under a reservation of rights, Zurich could settle the third-party claims asserted by St. Luke's without such settlement constituting a confession of judgment. *See Basik*, 911 So.2d at 293 ("The *Wollard* extension of section 627.428, however, has not generally been applied to factual scenarios similar to those in the instant appeal.  Here, the insurer, on behalf of the insured, settled a third-party claim it defended under a full reservation of rights.  Also, it was the insured, not the insurer, who initiated the declaratory judgment action. Thus, when the insurer settled with the third party, it did not decline to defend its position in the pending declaratory action."  (internal quotation marks and citation omitted)); *cf. Ottaviano v. Nautilus Ins. Co.*, 660 F. Supp. 2d 1315, 1322 (M.D. Fla. 2009) (concluding that cases where insurers had performed in accordance with the terms of the insurance policy by continuing to act on the insurer's behalf by providing a defense under a reservation of rights, rather than denying coverage, demonstrated that insurers had not acted wrongfully and awarding attorney's fees where the insurer did not provide a defense under a reservation of rights).  As in *Basik*, Dr. Sanderson was not forced to sue Zurich to obtain a defense; instead, Zurich provided Dr. Sanderson with a defense under a reservation of rights and subsequently settled the third-party claims.  *See Basik*,

911 So.2d at 294. Under these circumstances, applying the confession of judgment doctrine and awarding attorney's fees would frustrate the purpose behind Section 627.428, Florida Statutes, and would thus be improper. *See id.* In sum, the settlement between Zurich and St. Luke's did not operate as a confession of judgment, and Dr. Sanderson is not entitled to an award of attorney's fees on that basis.

**IV.     Conclusion**

For the foregoing reasons, it is hereby

ORDERED:

1. Dr. Sanderson's Motion for Partial Summary Judgment on Coverage to Include an Order on Entitlement to Attorney's Fees and Costs Based on Zurich's Confession of Judgment (Doc. 235) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 30th day of September, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record

12